## SMITH v. FIRST STATE BANK OF FATE.
### (No. 8903.)

(Court of Civil Appeals of Texas. Dallas. Nov. 3, 1923.)

1. **Landlord and tenant** ⬅️328(3)—**Landlord's lien on tenant's cotton held not lost by storage in landlord's warehouse for 30 days; "removal."**

Removal to and storing of cotton in a warehouse partly owned by the grower's landlord, under an agreement that it remain there, under the landlord's dominion, to await an advance in price, *held* not a "removal" from the rented premises within Rev. St. art. 5477, limiting the duration of the lien given by article 5475 to 30 days after such removal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Remove —Removal.]

2. **Landlord and tenant** ⬅️328(3)—**Delivery of weigher's tickets to creditor bank held not delivery of possession of cotton stored in landlord's warehouse.**

That a public weigher's tickets for cotton stored in a warehouse owned partly by the grower's landlord were delivered to a bank to which the grower owed money did not constitute delivery of possession of the cotton to the bank, in view of undisputed evidence that actual physical possession was given the landlord on premises owned by him, and that he never consented to delivery of the tickets to the bank except for insurance and safe-keeping.

3. **Appeal and error** ⬅️878(1)—**In absence of appeal from judgment by certain parties to the action, result as between them and appellee cannot be considered.**

Where a judgment in favor of and against certain parties is not appealed from, the result as between them and appellee cannot be considered.

Appeal from Rockwall County Court; J. K. Wells, Judge.

Suit by the First State Bank of Fate against Bob Smith and others. From a judgment against defendant Smith and another, the named defendant appeals. Reversed and rendered.

E. D. Foree, of Rockwall, and T. B. Ridgell, of Breckenridge, for appellant.

H. M. Wade, of Rockwall, for appellee.

HAMILTON, J. This suit involves, primarily, the controlling question of whether or not there is any evidence to establish the loss by a landlord of his statutory preference lien upon certain cotton raised by his tenant in the year 1920.

Suit was instituted by appellee for recovery against appellant's tenant, Trent, on an indebtedness secured by a mortgage and by the alleged delivery to it by Trent of certain cotton raised on the rented premises, and also for recovery against appellant for the alleged wrongful appropriation of the cotton, the public weigher's tickets for which were delivered to appellee by the tenant as symbolic delivery of the cotton to appellee to secure his indebtedness to it, evidenced by the notes sued upon. Recovery against the public weigher was sought also on the ground that appellee left the actual cotton in the weigher's possession after delivery of the tickets for it to appellee, and the weigher thereafter, without appellee's consent, wrongfully permitted appellant to make sale of it and appropriate the proceeds of the sale to his own use.

Judgment was entered against Trent for the full amount sued for, and against appellant for the value of the cotton sold by him. It was decreed that appellee take nothing against the public weigher. The appeal is prosecuted only in behalf of appellant Smith, the landlord.

Trent, the tenant, cultivated the land on the halves. During the year Smith made advances to him for necessaries while the crop was being cultivated, and also supplied the tenant with money for gathering the

crop. The amount thus advanced by Smith exceeded Trent's share of the cotton's value at the time of the sale.

In partnership with others, appellant owned an interest in a private warehouse. As the cotton was gathered and ginned it was delivered at the warehouse by Trent under an agreement with Smith; Trent storing it in space there exclusively set aside to Smith. After the cotton was placed in the warehouse, immediately upon its having been ginned and weighed, Smith instructed Trent to take the tickets to the bank for safe-keeping and insurance; it seeming to appear that the cashier of the bank was an insurance agent with whom the insurance was to be placed. There the cotton remained until it was sold by Smith. The fact conclusively appears under the evidence that the landlord's lien existed at the time the cotton was deposited in the warehouse. It appears that appellee's cashier knew the cotton was stored in the warehouse, but, whether or not he knew it, would probably be immaterial under the view we have of the situation of the parties in relation to the cotton.

The testimony adduced in behalf of appellee is to the effect that loans in addition to those already existing under the security of a registered mortgage against the cotton and other personal property belonging to Trent, which mortgage was dated March 19, 1920, were made to Trent. Under the testimony in appellee's behalf, when these additional loans were made Trent represented to the bank that he did not owe Smith anything; and it also appears from such testimony that appellee had no knowledge of the existence of any indebtedness in favor of Smith from any source. Under these circumstances, it was testified in behalf of appellee that the cotton tickets were assigned to the bank by Trent as additional security for his indebtedness. This testimony was denied by Trent, whose testimony was in accord with that of Smith to the effect that the latter instructed him to deliver the tickets to the bank for purposes of insurance and safe-keeping, and that, in making the delivery, he precisely carried out this understanding, and had no transactions with the bank's representatives in relation to the tickets beyond it or contrary to it. The cotton had been in the warehouse more than 30 days after it was prepared for market.

The case was submitted to a jury upon special issues and the findings of the jury material to this discussion were as follows: It was found that Trent pledged the cotton tickets to secure his notes; that from the time of the delivery of the tickets to the bank until the cotton was sold by Smith, it was in the bank's possession; that there was no agreement between Trent and Smith that the cotton should be turned over to Smith; that there was an agreement between Trent and Smith that the cotton tickets were to be placed with the bank for safety and insurance; that Smith did not agree or consent to the delivery of the cotton tickets to the bank for collateral security.

[1, 2] Appellee's position is that, since the landlord's lien exists perforce of article 5475, Civil Statutes, and since its duration is limited by article 5477, Revised Statutes, only to such period of time as products shall remain on the rented premises and one month thereafter, the lien was lost after the cotton had been stored in the warehouse for a period of 30 days. The evidence does not sustain this conclusion of law. The removal to and storing of the cotton in the warehouse partly owned by Smith, under agreement, to await an advance in price, was not a removal from the rented premises of that character contemplated in the provisions of article 5477, which limits the duration of the lien to a period of 30 days after removal from the rented premises. Such is the expression of this court's opinion of the law already heretofore made in a case involving very similar facts with reference to this particular question. Gaw v. Bingham (Tex. Civ. App.) 107 S. W. 931. The evidence conclusively shows that the understanding between Trent and Smith at the time the cotton was placed in the warehouse was that it should remain there under the dominion of Smith, awaiting an advance in price. The fact that the tickets for the cotton were delivered to the bank was insufficient to constitute this act a delivery of possession of the cotton to the bank, since the undisputed evidence shows that the actual physical possession of the cotton was given to Smith upon premises owned by him as the cotton was prepared for market, and that he never consented to a delivery of the tickets to the bank for any purpose except for the purposes of insurance and safe-keeping.

[3] Since there is no appeal prosecuted from the judgment in favor of Cox, nor from that against Trent, the result of the case as between those parties and appellee is not before us for consideration. The judgment for appellee against appellant is reversed, and judgment is here rendered for appellant.

Reversed and rendered.